**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

| | |
|---|---|
| IN THE MATTER OF:<br>DEREK R. HARTFIELD,<br><br>    Debtor.<br>_____/ | Chapter 7<br>Case No. 20-47321-tjt<br>Judge Thomas J. Tucker |
| MELISSA J. HUGHES,<br><br>    Plaintiff,<br><br>vs.<br><br>DEREK R. HARTFIELD, *pro se*,<br><br>    Defendant.<br>_____/ | Adv. Proc. Case No. 21-04004-tjt<br>Judge Thomas J. Tucker |

### ORDER GRANTING, IN PART, PLAINTIFF'S MOTION TO STRIKE "DEFENDANT'S RESPONSE" AND FOR OTHER RELIEF (DOCKET # 34)

This adversary proceeding is before the Court on the Plaintiff's motion filed April 2, 2021, entitled "Plaintiff's Motion to Strike 'Defendant's Response' and for Entry of Default, Pursuant to Fed. R. Civ. P. 8(b), 12(f) and 55" (Docket # 34, the "Motion"). No timely response was filed to the Motion. The Court will grant the Motion in part only.

On February 26, 2021, this Court entered an Order entitled "Order Granting, in Part, Plaintiff's Motion to Compel Defendant's Compliance with Fed. R. Civ. P. 8(b)" (Docket # 21, the "February 26 Order"). That Order, and the motion it granted, concerned the Defendant's response to Plaintiff's original complaint filed in this adversary proceeding (Docket # 1). After the Court entered the February 26 Order, however, on March 15, 2021, Plaintiff filed an amended complaint (Docket # 29, the "Amended Complaint"). That Amended Complaint superseded the original complaint, and in the Court's view, mooted the February 26 Order.

Defendant had 14 days after service of Plaintiff's Amended Complaint to file an answer to the Amended Complaint. *See* Fed. R. Civ. P. 15(a)(3). That means that Defendant's deadline

21-04004-tjt   Doc 45  Filed 04/23/21  Entered 04/23/21 09:12:36  Page 1 of 7

was April 1, 2021. On March 24, 2021, Defendant filed an answer to the Amended Complaint (Docket # 32, the "Amended Complaint Answer"). That Amended Complaint Answer failed to comply with applicable pleading rules, including the requirements of Fed. R. Civ. P. 8(b) through 8(d). And it did not conform to the requirements stated in the Court's February 26 Order, that Defendant had to file an amended answer to Plaintiff's original complaint that complied with Civil Rule 8(b), "including responding separately to each numbered paragraph of Plaintiff's Complaint." (*See* February 26 Order).

The Court is of course aware that Defendant is not represented by an attorney in this adversary proceeding. Due in part to that fact, and in an effort to see that this adversary proceeding is decided on the merits rather than on a procedural default, if at all reasonably possible, the Court will exercise some leniency here, and will give Defendant a last chance to file an answer that meets the Court's requirements.

Therefore, the Court will strike the Defendant's Amended Complaint Answer (Docket # 32). That will leave Defendant, at least temporarily, without an answer to the Amended Complaint. But the Court also will give Defendant leave and a deadline to file a new, proper Answer to the Amended Complaint.

Such new Answer must meet all the following requirements:

1. It must be entitled "Answer to Plaintiff's Amended Complaint," with no other words in the title.

2. It must begin by containing numbered paragraphs 1-57 that correspond to the 57 numbered paragraphs of the Amended Complaint, and in such numbered paragraphs the Defendant's Answer must respond, clearly, expressly, and specifically, and sentence-by-sentence, to all of the allegations in the corresponding numbered paragraph in the Amended Complaint, by admitting, denying, or "denying for lack of sufficient knowledge to admit or deny" each of the allegations of each paragraph in the Amended Complaint.

3.    It may also contain any or all of the statements that were contained in paragraphs 1 through 21 of the Amended Complaint Answer (Docket # 32), but any such statements must be contained in numbered paragraphs that begin at paragraph 58, *after* paragraphs 1-57 of the Defendant's new Answer.

4.    It must be signed on the last page of the Answer, before any exhibits, by Defendant.

5.    It may attach exhibits, after the signature page.

6.    It must contain, on a separate page after any exhibits, a signed certificate of service.

7.    It must comply with all requirements of Fed. R. Civ. P. 8.

The Court attaches to this Order a copy of Fed. R. Civ. P. 8, for Defendant's reference. That rule is made applicable in this adversary proceeding by Fed. R. Bankr. P. 7008.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion (Docket # 34) is granted in part, to the extent of the relief provided by this Order, and otherwise is denied.

**IT IS FURTHER ORDERED** that Defendant's response to Plaintiff's Amended Complaint, referred to above as the "Amended Complaint Answer" (Docket # 32) is stricken.

**IT IS FURTHER ORDERED** that Defendant is granted leave to file a new Answer to Plaintiff's Amended Complaint. Such new Answer must be filed no later than May 7, 2021.

**IT IS FURTHER ORDERED** that if Defendant does not file a new Answer to Plaintiff's Amended Complaint on or before the May 7, 2021 deadline, the Clerk will enter a default against Defendant, and the Court may thereafter enter a default judgment against Defendant on Plaintiff's Amended Complaint.

**IT IS FURTHER ORDERED** that any new Answer that Defendant files must fully comply with all of the requirements stated in this Order, above.

**IT IS FURTHER ORDERED** that if Defendant files a new Answer that fails to comply with any of the requirements stated in this Order, above, the Court may enter a default against

Defendant, and the Court may thereafter enter a default judgment against Defendant on Plaintiff's Amended Complaint.

**Signed on April 23, 2021**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge

# Rule 8. General Rules of Pleading

**(a) Claim for Relief.** A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

**(b) Defenses; Admissions and Denials.**

(1) *In General.* In responding to a pleading, a party must:

(A) state in short and plain terms its defenses to each claim asserted against it; and

(B) admit or deny the allegations asserted against it by an opposing party.

(2) *Denials--Responding to the Substance*. A denial must fairly respond to the substance of the allegation.

(3) *General and Specific Denials*. A party that intends in good faith to deny all the allegations of a pleading--including the jurisdictional grounds--may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

(4) *Denying Part of an Allegation*. A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.

(5) *Lacking Knowledge or Information*. A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.

(6) *Effect of Failing to Deny*. An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

**(c) Affirmative Defenses.**

(1) *In General.* In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including:

- accord and satisfaction;

- arbitration and award;

- assumption of risk;

- contributory negligence;

- duress;

- estoppel;

- failure of consideration;

- fraud;

- illegality;

- injury by fellow servant;

- laches;

- license;

- payment;

- release;

- res judicata;

- statute of frauds;

- statute of limitations; and

- waiver.

(2) *Mistaken Designation*. If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so.

**(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.**

(1) *In General*. Each allegation must be simple, concise, and direct. No technical form is required.

(2) *Alternative Statements of a Claim or Defense.* A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

(3) *Inconsistent Claims or Defenses.* A party may state as many separate claims or defenses as it has, regardless of consistency.

(e) **Construing Pleadings**. Pleadings must be construed so as to do justice.

Fed. R. Civ. P. 8