UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

DEREK R. HARTFIELD,

            Debtor.
_____/

MELISSA HUGHES,

            Plaintiff,

vs.

DEREK R. HARTFIELD, *pro se*,

            Defendant.
_____/

Case No. 20-47321

Chapter 7

Judge Thomas J. Tucker

Adv. No. 21-4004

**OPINION AND ORDER DENYING DEFENDANT'S RECUSAL MOTION**

This adversary proceeding is before the Court on the Defendant's motion filed on May 3, 2021, entitled "Motion Requesting of Hon. Judge Thomas J. Tucker to Recuse Himself for Conflict of Interest Pursuant to 28 U.S. Code § 455, MCR 2.003(B)" (Docket # 54, the "Recusal Motion"). The Court has reviewed the Recusal Motion, and concludes that it must be denied, for the following reasons.

First, the Recusal Motion does not allege facts or present any arguments that demonstrate any valid legal ground for the undersigned judge's recusal or disqualification, under 28 U.S.C. § 455, or 28 U.S.C. § 144, or otherwise.

Second, with respect to 28 U.S.C. § 144, the Recusal Motion is not accompanied by or supported by an affidavit, or by a certificate of counsel, both of which are required by § 144. And even if an affidavit containing everything that is stated in the Recusal Motion had been filed,

the Court concludes that such affidavit would be neither "timely" nor "sufficient" within the meaning of § 144.

Third, nothing that the undersigned judge has said or done in or related to this adversary proceeding shows any personal bias or prejudice against the Defendant or in favor of the Plaintiff.

Fourth, while the Recusal Motion refers to the undersigned judge having some sort of "conflict of interest," the Recusal Motion does not identify any conflict or interest. The undersigned has no conflict of interest in this adversary proceeding.

Fifth, to some extent, at least, the grounds alleged in the Recusal Motion are really nothing more than complaints that the undersigned judge's orders and rulings in this adversary proceeding have been erroneous.[1] To the extent the Defendant is unhappy with this Court's rulings, his appropriate recourse is to timely appeal those rulings, ***after*** the Court enters a final, appealable order or final judgment in this adversary proceeding. Recusal and/or disqualification of the undersigned judge is not an appropriate remedy or procedure for challenging the correctness of the Court's rulings. *See Liteky v. United States*, 510 U.S. 540, 555 (1994)("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal."); *see also Williams v. Anderson*, 460 F.3d 789, 815 (6th Cir. 2006); *United States v. Beaver*, 2000 WL 491538, *5-6 (6th Cir. Apr. 20, 2000).

---

[1] For example, the Recusal Motion complains about the February 22, 2021 Scheduling Order entered in this adversary proceeding (Docket # 18), in which this Court cited several of its prior published opinions "which may be relevant" in this adversary proceeding. This was done for the information and benefit of both Plaintiff and Defendant, to give them notice of how this Court has ruled on various issues in prior cases. It does not indicate any personal bias or prejudice by the undersigned judge.

Sixth and finally, the Recusal Motion refers to "MCR 2.003(B)," but that Michigan Court Rule applies to the state courts of Michigan; it does not apply to the federal courts, such as this Bankruptcy Court.  *See* M.C.R. 2.001.

For these reasons,

IT IS ORDERED that the Defendant's Recusal Motion (Docket # 54) is denied.

**Signed on May 4, 2021**



/s/ Thomas J. Tucker

**Thomas J. Tucker**
**United States Bankruptcy Judge**